WRIGHT *et al.*, Defendants in Error, *vs.* PRATT *et al.*, Plaintiffs in Error.

By a marriage contract between husband and wife, the slaves of the wife were conveyed to a trustee for her sole use and benefit, with power to dispose of the same by will at her decease. *Held,*

1. This is a conveyance of an absolute fee simple estate to the wife's trustee, and not merely an estate during her life.
2. At her death, the beneficial interest in the slaves does not go to her husband, but to her next of kin, under the statute of descents and distributions.
3. Where a bill was filed by the heirs in time to save their rights from being barred by the statute of limitations, but a summons did not issue until afterwards, owing to an understanding that the defendants would appear without a summons, the suit will be held not to be barred by the statute.

*Error to Hannibal Court of Common Pleas.*

The opinion of the court develops the facts sufficiently for an understanding of the points decided.

*J. T. Redd*, for plaintiffs in error. 1. The complainants, as next of kin, cannot maintain this suit, because the legal title is in the representative of the trustee, and the equitable title (if there was any, except a life estate) passed to her administrator, to be administered according to law. 2. Upon the

death of the wife, the husband takes her personalty, as survivor, *jure mariti.* 1 P. Will. 380, *Cart* v. *Rees. Humphrey* v. *Bullen*, 1 Atk. 459. *Watt* v. *Watt*, 3 Ves. Jr. 245. 1 ib. 46 to 48. 3 Atk. 527, *Elliot* v. *Collier*. The deed to her trustee only conveyed a life estate. The remainder, or the right to the use after her death, remained in her as part of her original estate, and upon her marriage, passed to her husband. 3. This suit is barred by the statute of limitations. The mere filing of a bill, without ordering a writ or taking any step in the cause until after the lapse of two terms, will not take the case out of the statute. 4. There was no legal evidence of the execution of the marriage contract.

*Glover & Campbell* and *Lipscomb*, for defendants in error. 1. The execution of the marriage articles was not sufficiently denied in the answer of one of the defendants, and was fully admitted in that of the other. 1 Gallison, 635. 16 East. 339. 2. The marriage contract secured the beneficial title to the slaves to Mrs. Pratt, during her life, and entirely excluded the marital rights of her husband. On her death, they went to her next of kin and not to her husband. 5 Mo. Rep. 200. R. C. 1845, tit. Descents and Distributions. 3. The suit is in the name of the proper parties. 5 Mo. 200. 4 Mason, 29. 11 Pick. 173. 9 Mass. 338. 4. The suit is not barred by the statute of limitations, because, 1st, the bill was filed in time, and it was by agreement of attorneys that no writ issued ; and, 2d, the property was trust property. 2 Merivale, 360. *Kane* v. *Bloodgood*, 7 J. C. R. 90.

RYLAND, Judge, delivered the opinion of the court.

This is a suit in chancery between the heirs of Martha Pratt, deceased, and Virgil Pratt and John Shackleford, for a number of slaves. Since the commencement of the suit, Shackleford has died, and it was revived in the name of A. W. Rush, the administrator of said Shackleford ; and is now carried on against said administrator and Virgil Pratt. Previous to the marriage of Virgil Pratt and Martha Ford, a marriage contract was made between them as follows :

" This indenture, made this twenty-fifth day of August, 1835, between Martha Wood, of the first part, John C. Wright, of the second part, and Virgil Pratt, of the town of Palmyra, county of Marion, state of Missouri, witnesseth : That, whereas, a marriage is about to take place between Martha Wood and Virgil Pratt, and the said Virgil, for the purpose of securing to the said Martha her property, hereby agrees that she may have full power to convey the same to John C. Wright, in trust for her own use and benefit ; and the said Martha hereby sells and conveys to the said John C. Wright her negroes, Thomas, Polly, Rachael, Jane, Mary and Harriet, for and in consideration of the sum of one dollar, in trust for the sole use and benefit of the said Martha, by her to be retained in possession for her own use and benefit, with full power to dispose of the same by will at her decease ; and the said John C. Wright hereby agrees that he will faithfully discharge the duties of the trust aforesaid, and permit the said Martha to have the full use and enjoyment of the said slaves, and with the consent of the said Martha to sell the same ; and it is hereby agreed between the parties aforesaid, that the said slaves are not to be subject to the control, or liable for the debts, of the said Virgil Pratt, which may accrue, or which may have accrued in any manner, directly or indirectly, but that they are to be held by the said trustee for the sole use and benefit of the said Martha. In testimony whereof," &c.

The marriage took place shortly after the execution of this agreement. In February, 1837, Martha Pratt died, having made no disposition of the negroes mentioned in the marriage contract. After her death, Pratt sold the negroes mentioned in the bill of complaint to John Shackleford, for $2000. Shackleford was notified not to pay the purchase money. Shackleford states that he has paid only one hundred dollars. The proof is satisfactory that Shackleford knew of this marriage contract. It was a subject of general conversation. Both parties claim under Martha Wood. The complainants are her

heirs. Pratt claims by right of his marriage, and Shackleford's administrator under Pratt.

Many points have been made by the appellants, most of which will not be noticed by this court, not being considered of importance, under the view which we take of the cause. This case must depend upon the construction of the marriage contract, and of the statutes of this state concerning descents and distributions.

1. It will be seen that the same marriage contract has once before been in this court. 5 Mo. Rep. 192. We do not now intend to interfere with the decision then made. From a careful examination of this instrument, it is clear that it conveys all the estate and interest which Martha Wood had in and to the negroes therein mentioned to her trustee, John C. Wright, for her sole use and benefit; not during during her coverture, but absolutely and indefinitely. This was done by the consent of Virgil Pratt, the intended husband. There was here no estate remaining in Martha Wood for the marital rights of her husband to act upon. The legal estate had wholly passed out of her by this contract, and vested in her trustee. This was not for a period of time, for instance *during coverture,* but forever. 2. Then Martha Wood having failed to dispose of these negroes before her death, her trustee, at her death, had the legal estate, and the trust devolved upon her heirs. Martha Wood had the use and possession of the negroes ; the enjoyment of the property. Her equitable estate falls under the rules governing and controlling the descent of legal estates ; and follows the course pointed out by the statute of descents for such estates. This trust is no chose in action. Now, there can be no doubt that, under our statute of descents, the husband is postponed to the kin by blood. In the language of Justice McGirk, "the statute calls in the kin by blood from the four corners of the earth, to take this estate, property, or whatever it may be, and in default of all such persons, then seems reluctantly to consent that the husband or wife may take." This case is distinguishable from the case

of *Stewart* v. *Stewart*, 7 J. C. R. 229. In that case, the husband, by deed of settlement, covenanted with a trustee to allow his wife to enjoy her separate property, to her own use, during coverture ; that she might convey the same, and added, that he " thereby released all his marital rights in and over the same." It was held, that this release was to be sustained in connection with the words immediately preceding, and operated only as to his rights during coverture, and did not affect his right as survivor of his wife. 3. In regard to the point made about the statute of limitations, we are of opinion that this point must be ruled also for the complainants. The bill in chancery was filed within the period before the statute takes effect. It appears that complainants did not direct a summons to issue, because it was the understanding of the counsel of the parties that the defendants would answer without a summons ; however, the summons was issued, and when served, was *lis pendens* from the filing of the bill.

The instrument of marriage contract was admitted in evidence. We will not reverse because it was not more formally proved. The answer of one defendant, Pratt, under whom the other claimed, admitted its execution, and the other defendant admits that the deed of trust was shown to him. We think there is no weight in this point.

So far as regards the parties, they are all before the court. William Wright is administrator of Martha Pratt, and husband of her sister, Mary C. Wright.

Upon the whole case, it is the opinion of this court that the decree of the court below should be affirmed ; and, the other Judges concurring, the decree is affirmed.